# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv353

| | |
|---|---|
| JOHN BARNES, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court *sua* sponte.

The Plaintiff initiated this action on June 15, 2012. [Doc. 1]. On November 7, 2012, Plaintiff's counsel was notified by the Clerk of Court that he must file a motion for *pro hac vice* admission. To date, he has not moved for admission.

On November 21, 2012, a Scheduling Order was entered in this matter which required that Plaintiff's Motion for Summary Judgment be filed on or before January 22, 2013. [Doc. 16]. No such motion has been filed by the Plaintiff.

On February 5, 2013, the Court issued an Order requiring the Plaintiff

to show cause why this action should not be dismissed for failure to prosecute. [Doc. 18]. Again, the Plaintiff has completely failed to respond.

> It has long been recognized that federal courts possess certain implied or inherent powers that are necessary to the exercise of all others. Inherent powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. … In accordance with these principles, the Supreme Court has … held that federal courts possess the inherent authority … to dismiss a lawsuit *sua sponte* for failure to prosecute[.] … [A] court has the inherent authority to control various aspects of the cases *before that court* so that they can protect their proceedings and judgments in the course of discharging their traditional responsibilities.

<u>United States v. Moussaoui</u>, 483 F.3d 220, 236 (4th Cir. 2007) (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)) (other internal quotations and citations omitted) (emphasis in original).

Here, the Plaintiff and his attorney have failed to respond to court directives on three separate occasions. In the last Order, the Plaintiff was ordered to show cause why this action should not be dismissed for failure to prosecute. Despite this Order, no response was made. "A district court need not tolerate defiance of reasonable orders." <u>Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.</u>, 556 F.3d 1232, 1241 (11th Cir. 2009). In the absence of any communication from the Plaintiff or his

attorney, the Court can only conclude that the action has not been brought in good faith and that the case has been abandoned without any notification to the Court. United States v. Shaffer Equipment Co., 11 F.3d 450, 462 (4th Cir. 1993) ("the inherent power to dismiss a case for the misconduct of counsel is undoubtedly clear"). Both the Plaintiff and counsel are therefore at fault. Id. Meanwhile, the Defendant has continued to require representation and the Court's docket must continue to carry the case. Id. (court to consider prejudice to judicial process and administration of justice). Under these circumstances, in which neither the party nor counsel will communicate with the Court, different sanctions are inappropriate. Id. at 462-63. When a party or his attorney "abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." Id. at 462; accord Jones v. Giles, 2013 WL 556962 (W.D.N.C. 2013); Dilldine v. Astrue, 2013 WL 241296 (M.D.N.C. 2013) (where party will not respond to court's directives, dismissal appropriate). The Court will therefore dismiss this case.

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED** for failure to prosecute.

Signed: March 12, 2013

Martin Reidinger
United States District Judge